UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAN JUANITA (JANIE) JIMENEZ, INDIVIDUALLY AND AS HEIR OF THE ESTATE OF BENITO JIMENEZ, DECEDENT, AND ON BEHALF OF AMANDA JIMENEZ AND ALYSSA JIMENEZ, MINORS, <br><br> Plaintiffs, <br><br> v. <br><br> WMC MANAGEMENT CO., LLC, AND CIGNA HEALTHCARE OF TEXAS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § | C.A. NO. C-05-358 |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pending before this Court is plaintiff's Motion to Remand (D.E. 10) and plaintiff's Motion for Leave to Amend Complaint (D.E. 16). The Court held a hearing on plaintiff's motions. At that hearing, the Court orally denied the motions. The Court now submits this order in support of its findings and conclusions.

**I. FACTS AND PROCEEDINGS**

This lawsuit concerns the death of Plaintiff's husband, Mr. Benito Jimenez. Plaintiff Jimenez filed her Original Petition and her Amended Petition in the 105th Judicial District in Nueces County. Plaintiff alleges that Mr. Jimenez contracted a terminal case of Hepatitis B after he was exposed to raw sewage under the direction of his

employer, defendant WMC Management Company, LLC ("WMC"). Defendant WMC provided management services for apartment complexes. Mr. Jimenez was employed by WMC as a maintenance supervisor at the Wharf Apartments in Corpus Christi, Texas.

WMC offered its employees health insurance through the "WMC Management Company, LLC Welfare Benefit Plan" (the "WMC plan") (D.E. 13, exh. A). The WMC plan is an employee benefit plan governed under the Employment Retirement Income and Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Mr. Jimenez was a beneficiary under the WMC plan and eligible to receive health care benefits from defendant CIGNA Healthcare of Texas, Inc. ("CIGNA"). In December 2004, Mr. Jimenez's Hepatitis B symptoms progressed to the point that he needed to be admitted to a hospital and to be placed on a liver transplant list. However, before Mr. Jimenez could receive a donor liver, he died on January 9, 2005.

Plaintiff brings this lawsuit against WMC and CIGNA. Plaintiff alleges in her Amended Petition that WMC was negligent for exposing Mr. Jimenez to raw sewage, and that WMC and CIGNA failed to provide insurance coverage to Mr. Jimenez and wrongfully terminated Mr. Jimenez's insurance coverage (plaintiff's Amended Petition, D.E. 13, exh. 1, p. 2-4). Plaintiff's Motion to Remand clarifies that the claims against CIGNA and WMC for wrongfully denying Mr. Jimenez insurance coverage stem from false statements the defendants made to the hospital where Mr. Jimenez was a patient (D.E. 10, p. 2). These false statements led to Mr. Jimenez not being placed on the liver transplant list and interfered with the health care the hospital provided (*id*.).

Defendants removed this case to this Court alleging that plaintiff's claims against WMC and CIGNA were completely pre-empted by ERISA. Plaintiff argues that she has alleged only state law claims against the defendants and that this Court does not have jurisdiction. For the reasons discussed herein, the Court finds that it has jurisdiction over plaintiff's claims because those claims are pre-empted by ERISA.

## II. DISCUSSION

To determine whether a cause of action presents a federal question, the Court must examine the plaintiff's well-pleaded complaint. "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 107 S.Ct. 2425, 2429 (1987)). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson,* 123 S.Ct. 2058, 2062, (2003).

However, complete preemption under ERISA is an exception to the well-pleaded complaint rule. ERISA § 502(a), "by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). "In general, complete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court." *Haynes v. Prudential Health Care*, 313 F.3d 330, 333-34

(5th. Cir. 2002) (citing, *Metropolitan Life Ins. Co. v. Taylor,* 107 S.Ct. 1542, 1548 (1987)).

**A.  Claims against CIGNA**

Plaintiff claims that CIGNA "wrongfully denied coverage, or wrongfully terminated coverage" (plaintiff's Amended Petition, D.E. 13, exh. 1, p. 4).  Plaintiff's claims against CIGNA are completely pre-empted by the civil enforcement provision in ERISA § 502(a)(1)(B).[1]  In *Aetna Health Inc. v. Davila*, the Supreme Court held that "if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B)."  124 S.Ct. 2488, 2496 (2004).  In *Davila*, the respondents, a beneficiary and a participant in two ERISA plans, brought suit against their plan sponsors claiming violations of the Texas Health Care Liability Act (THCLA).  124 S.Ct. at 2497.  The claims were for violations of the legal duty of ordinary care in making health care decisions, a duty imposed on the plan sponsors by the THCLA.  *Id.*  The respondents argued that this duty existed independently of any duty imposed by ERISA, and therefore the respondents' THCLA claims were not within the scope of ERISA 502(a)(1)(B), and not subject to pre-emption.  *Id.*  The Supreme Court unanimously rejected the

---

[1] Section 502(a)(1)(B) provides that "a civil action may be brought . . .by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

respondents' argument, holding that "interpretation of the terms of respondents' benefit plans forms an essential part of their THCLA claim, and THCLA liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans. Petitioners' potential liability under the THCLA in these cases, then, derives entirely from the particular rights and obligations established by the benefit plans." *Davila*, 124 S.Ct. at 2498.  Therefore, respondents' THCLA claims were completely pre-empted by ERISA. *Id*.

Plaintiff's claims against CIGNA in this case for wrongfully denying and terminating coverage are derived entirely from Mr. Jimenez's rights and obligations as established by the WMC employee benefit plan.  Plaintiff seeks to avoid pre-emption of those claims by clarifying that CIGNA's liability is not for wrongfully denying and terminating coverage, but instead for making "false statements regarding health insurance coverage . . . which precluded Mr. Jimenez from getting on the liver transplant list." (D.E. 10, p. 2).  Regardless of whether plaintiff's claims against CIGNA are characterized in terms of denying coverage, or for making false statements about coverage, "distinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA." *Davila*, 124 S.Ct. at 2498 (citing *Allis-Chambers Corp. v. Lueck*, 105 S.Ct. 1904, 1911 (1985).  CIGNA would have no duty to Mr. Jimenez to provide health care benefits for his Hepatitis B treatment independently of the WMC plan

terms.  Therefore, plaintiff's claims against CIGNA are pre-empted and defendants have properly removed those claims to this Court.

**B.  Claims Against WMC**

For the same reasons, plaintiff's claims against WMC for "wrongfully terminating Benito Jimenez's insurance coverage" and "failing to provide insurance coverage" are also pre-empted by ERISA (plaintiff's Amended Petition, D.E. 13, exh. 1, p. 4).  WMC's liability for failing to provide coverage to Mr. Jimenez arises solely by virtue of the duty imposed on WMC to beneficiaries of the WMC plan.  However, because WMC's duty to prevent Mr. Jimenez from being exposed to harmful substances exists independently of the WMC plan, plaintiff's various causes of action against WMC for negligently exposing Mr. Jimenez to raw sewage are not pre-empted by ERISA.  Therefore, to retain jurisdiction over all of plaintiff's claims against WMC, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1637(a).

Plaintiff asks this Court to decline to exercise supplemental jurisdiction and to remand any state law claims against WMC that are not pre-empted by ERISA (D.E. 10, p. 3).  The Court's discretion to remand state law claims in this case is limited.  This Court may only decline to exercise supplemental jurisdiction over the non-pre-empted state law claims against WMC under certain circumstances.  Those circumstances exist when:

> (1)  the claim raises a novel or complex issue of State law,
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or

    (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c)(1)-(4).  Plaintiff's claims against WMC for exposing Mr. Jimenez to sewage do not fit within categories one, two or three.  Furthermore, the plaintiff has not asserted any "exceptional circumstances" or "compelling reasons" for the Court to decline jurisdiction pursuant to 28 U.S.C. 1367(c)(4).  The Supreme Court has stated that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 96 S.Ct. 1236, 1244 (1976).  The Court declines to make an exception in this case.  Defendants have properly removed plaintiff's entire case against WMC to this Court.

## C.  Plaintiff's Motion for Leave to Amend Complaint

    Plaintiff hastily filed a Motion for Leave to Amend Complaint (D.E. 16) one day before the remand hearing.  At the remand hearing, counsel for the plaintiff then attempted to orally amend the complaint to state an entirely new cause of action and theory of recovery against CIGNA and WMC.  This Court denied plaintiff's Motion for Leave to Amend (D.E. 16) as well as the oral motion to amend made by plaintiff's counsel.  While plaintiff is not precluded from seeking leave to amend her pleadings in the future, to allow plaintiff to spring an entirely new cause of action on the defendants at the remand hearing would have resulted in "undue prejudice to the opposing party by virtue of allowance of the amendment."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

## III.  CONCLUSION

Accordingly, plaintiff's Motion to Remand (D.E. 10) is DENIED, and plaintiff's Motion to Amend Complaint (D.E. 16) is DENIED.

ORDERED this __6th__ day of __February__, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE